**SO ORDERED.**

**SIGNED this 08th day of May, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| STEPHANI KAY PORTER | N0O7-50455-GWZ |
| *DEBTOR* | CHAPTER 7 |
| STEPHANIE KAY PORTER | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5096 |
| HINSON HAZELWOOD, ET AL. | MISC. PROC. 07-00501-LMC |
| *DEFENDANT S* | |

**ORDER DENYING MOTION TO QUASH SUBPOENA**

CAME ON for consideration the foregoing matter. This matter originated in the District of Nevada, but the subpoena was issued out of this court, which is the district in which the nonparty deponent resides. *See* FED.R.CIV.P. 45(a)(2)(B), (C). The witness objects and moves to quash the subpoena, sought to be taken pursuant to Rule 2004. A witness's appearance at a Rule 2004 examination may be compelled via the procedures in Rule 45. *See* FED.R.BANKR.P. 2004(c); 9016.

The witness says that the subpoena is "addressed in a confusing and contradictory mannter, ostensibly directed to a single individual, but intended to obtain information from multiple entities." The witness's argument is that, to obtain documents from these entities, the party seeking examination needed to issue its subpoena to these entities, implying that the witness cannot otherwise be compelled to produce documents that are owned by these entities. This argument is unavailing. A subpoena may command a nonparty witness to produce documents under his or her control, custody, or possession. Ownership is not the relevant test. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 9A FED. PRACT. & PROC. (CIVIL) 2D, § 2456 at p. 30 (West 1995). Furthermore, if the documents in question are alleged not to be in the possession or control of the witness, then the witness must so testify under oath at the deposition. *Id.*; *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, 8A FED. PRACT. & PROC. (CIVIL) 2D, § 2210 at pp. 404-405 (West 1994) (production may be required even though the documents belong to another). In all events, a mere claim of the sort urged here is not grounds for quashing the subpoena, either with respect to the witness' appearance or with respect to the duty to produce the documents sought. If the witness in fact fails to produce at the deposition, and the party seeking production believes that the witness's testimony does not justify the failure to produce, then production may be compelled on separate motion to this court by the party seeking production. *See Wright & Miller, supra*, § 2464, at p. 80; *see also* FED.R.CIV.P. 45(e) (action for contempt).

For his second ground, the witness suggests that the documents in question may be subject to unspecified privileges of one sort or another. This ground too is unavailing. The text of the rule itself states that, in order to claim a privilege, the claim must be made expressly, and must be supported by a description of the nature of the documents or things not produced that is sufficient to enable the demanding party to contest the claim. *See* FED.R.CIV.P. 45(d)(2)(A). The motion

contains no express claim of privilege and does not contain a description, as required by the rule. Thus, the claim of privilege is insufficient to support quashing the subpoena.

The witness finally claims that the party issuing the subpoena is trying to circumvent the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, because the deposition seeks to question the witness extensively concerning business and confidential transactions of other entities. This argument too is unavailing. Rule 30(b)(6) clearly states that "this subdivision ... does not preclude taking a deposition by any other procedure authorized by these rules." FED.R.CIV.P. 30(b)(6). Nothing in Rule 30 prohibits a party from specifically naming a person to be examined, and, as earlier noted, that person may be required to produce materials in his possession or control, regardless whether he "owns" the documents in question. Similarly, he may be compelled to testify regarding matters the subject of the pending litigation, regardless how he may know of those matters. In any event, the breadth of examination in this case is even broader, as it is sought not pursuant to Rule 30 of the Federal Rules of Civil Procedure, but Rule 2004 of the Federal Rules of Bankruptcy Procedure, which permits examination of any entity relating to the acts, conduct or property of the debtor, or to the liabilities or financial condition of the debtor's estate, or to the debtor's right to a discharge. *See* FED.R.BANKR.P. 2004(b).

For the reasons stated, the motion to quash is denied, and the witness is compelled to attend and to comply with the *duces tecum* (or to testify under oath why the documents in question are not in his control or his possession).

# # #